**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

```
RICARDO QUILES-RIVERA, ET AL.,

     Plaintiffs,

     v.                                    Civ. No. 05-1627(PG)


ANGEL MARRERO-FIGARELLA; ET AL.,

     Defendants.
```

### OPINION AND ORDER

Before the Court is plaintiffs' Motion to Set Aside Judgment of Dismissal With Prejudice under Fed.R.Civ.P. 60(b). (Docket No. 88.) Plaintiffs move to vacate the Judgment dismissing the case with prejudice and instead have the Court enter a Judgment dismissing the case without prejudice as to certain defendants. For the following reasons, the Court **DENIES** plaintiffs' request.

### FACTUAL AND PROCEDURAL BACKGROUND

On June 13, 2005, plaintiffs filed the above-styled and captioned complaint charging defendants of racketeering and corrupt practices in violation of the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. §§1961-1968. Before defendants filed any responsive pleadings, plaintiffs filed an Amended Complaint as a matter of right. (Docket No. 10.) Later, plaintiffs sought leave to amend their pleadings for a third time.(Docket No. 57.)

Several defendants moved to dismiss the amended complaint alleging, *inter alia*, that it was time barred and failed to meet the pleading requirements of a RICO claim. (See Docket Nos. 30, 34 & 68.) One defendant even moved for Rule 11 Sanctions in light of plaintiffs' frivolous claims. (Docket Nos. 46 & 65.) Plaintiffs promptly and quite diligently responded to each motion insisting that they had stated a claim upon which relief could be granted. (See Docket Nos. 35, 40, 47, 76, 78.)

In light of the many motions that had been filed and seeing the mess the

Civ. No. 05-1627 (PG)                                                    Page 2

record had become[1], the Court scheduled a Status Conference for October 13, 2005. (Docket No. 48.) At said Status Conference, all pending matters were discussed and the Court clarified the confusions in the record. Just as the Court was about to issue its rulings on the motions to dismiss, plaintiffs moved to voluntarily dismiss the case. They filed two motions.

The first motion, requested the **dismissal with prejudice** of the claims against defendants Sigfredo Rivera-Sola, Angel Marrero-Figarella, and Lisette Guzman-Medina. (Docket No. 71.) The second motion, requested the **dismissal without prejudice** of the claims against defendants Carmen Gladys Bayron-Rodriguez, Edgardo Rivera-Maldonado, Carmen Gloria Torres-Figueroa[2], Antonio Moreda-Toledo, and Manuel Moreda. (Docket No. 70.)

Co-defendants Manuel A. Moreda, Blanca R. Toledo, the conjugal partnership Moreda-Toledo and Antonio Moreda Toledo (hereinafter "the Moreda defendants") filed a response to plaintiffs' motion to dismiss without prejudice the claims as to them. (Docket No. 80.) Although belatedly filed, the Moreda defendants raised a valid point: pursuant to Fed.R.Civ. P. 41(a)(2), in the presence of an answer to the complaint or when a request for summary judgment has been filed, plaintiffs cannot by themselves move for a voluntary dismissal without prejudice but must obtain co-defendants acquiescence subscribing a joint stipulation for dismissal. Indeed, if a defendant has made an appearance in the case, plaintiffs can only seek a dismissal if the parties file a joint stipulation.

When the Court reviewed the record, it noticed that on August 11, 2005, the Moreda defendants had filed a motion to dismiss pursuant to Fed.R.Cvi.P.12(b)(6) with supporting exhibits. (Docket No. 30.) Accordingly, it would be treated as a motion for "summary judgment and disposed of as

---

[1] There were even issues as to the correct name of the defendants which had caused great confusion in the record of the case.

[2] Co-defendant Carmen Gloria Torres Figueroa filed a response to plaintiffs' motion stating that she had no objection to the dismissal but reiterated her Rule 11 Sanctions request in light of plaintiffs' frivolous claim. (See Docket Nos. 46, 65 & 72.) Several other filings were made, particularly regarding the Rule 11 sanctions petition. (See Docket Nos. 73, 74, 76, 77, 78 & 79.)

Civ. No. 05-1627 (PG)                                                    Page 3

provided in Rule 56." Fed.R.Civ.P. 12(b)(6). Furthermore, plaintiffs counsel had made an appearance and was present at the October 2005 Status Conference. The record reflects that the Moreda defendants had in fact filed numerous motions in the case. The same was true as to other defendants who had also made an appearance, filed answers, and motions including requests to dismiss the case.

Therefore, upon carefully reviewing the record, and in light of the requirements of Fed.R.Civ.P. 41(a)(2), the Court determined that the circumstances of the case and the interests of justice required that the case be dismissed with prejudice as to all defendants with the exception of Carmen Gladys Bayron Rodriguez and Edgardo Rivera Maldonado. The final judgment was entered on January 11, 2006. (Docket No. 84.)

Three months later, plaintiffs filed the motion presently before the Court. They now ask the Court vacate the dismissal with prejudice as to defendants Angel Marrero-Figarella, Lissette Guzman-Medina, Sigrido Rivera-Sola, Antonio Moreda-Toledo, Manuel A. Moreda and Carmen Torres-Figueroa. They claim that it would be unfair to them to leave the judgment unaltered given that at all times they intended to comply with the court's orders but for their carelessness and excusable neglect they failed to properly and timely inform the Court of their position as to this matter. Having reviewed the record as well as the circumstances surrounding plaintiffs' omission, the Court **DENIES** plaintiffs' motion.

## DISCUSSION

Federal Rule of Civil Procedure 60(b)(1) allows the Court to relieve a party from a final judgment for "mistake, inadvertence, surprise, or excusable neglect." Davila-Alvarez v. Escuela de Medicina Universidad Central del Caribe, 257 F.3d 58, 63 (1st Cir.2001); see Ramirez Quiles v. Consorcio del Suroeste, 208 F.R.D. 26, 28 (D.P.R. 2002). "Although many courts have indicated that Rule 60(b) motions should be granted liberally, this Circuit has taken a harsher tack." Davila-Alvarez, 257 F.3d at 63.

> An inquiring court must tak[e] account of all relevant circumstances surrounding the [movant's] omission,

Civ. No. 05-1627 (PG)                                                    Page 4

>     including the danger of prejudice to the [non-movant],
>     the length of the delay and its potential impact on
>     judicial proceedings, the reason for the delay,
>     including whether it was within the reasonable control
>     of the movant, and whether the movant acted in good
>     faith.

Mirpuri v. ACT Mfg., Inc., 212 F.3d 624, 630-631 (1st Cir. 2000)(internal quotation marks omitted). "Mere inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect." Id. at 631(citing Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership, 507 U.S. 380, 392(1993)). Rule 60(b) provides for extraordinary relief, therefore, Courts should grant motions brought under this rule only under "unique or extraordinary circumstances." Id.; see Ramirez Quiles, 208 F.R.D. at 28.

Prior to filing this RICO claim, plaintiffs and defendants had been litigating a similar case before the state court. That case is currently before the Court of Appeals. Following this Court's judgment dismissing the case with prejudice, defendant Marrero-Figarella filed a Motion to Dismiss before the state court alleging that this Court had already entered a judgment of dismissal with prejudice. This is why plaintiffs move to set aside the Court's judgment dismissing their complaint with prejudice. Plaintiffs argue that issues of *res judicata* and issue preclusion may now arise as a possible and indirect consequence of plaintiffs' counsel failure to timely oppose the Moreda defendants' Opposition to their motion for voluntary dismissal without prejudice. Plaintiffs ask the Court to consider their omission a mere inadvertence and set aside the judgment. Plaintiffs overlook, however, the fact that they erroneously sought to dismiss the case without prejudice without defendants' consent and that their motion is not only tardy but unreasonable.

At all times throughout the case, plaintiffs were quick to answer each and everyone of defendants' filings. Indeed, plaintiffs even opposed several of defendants' motions for extensions of time to answer which are normally considered as of course and not often opposed. Plaintiffs vigorously fought back when one of the defendants requested Rule 11 sanctions. They incessantly

Civ. No. 05-1627 (PG)                                                  Page 5

opposed defendants' motions and were always diligent in making sure that their arguments were brought before the Court.  Why then did they not timely oppose the Moreda defendants' opposition to their request to voluntarily dismiss the complaint without prejudice? Moreover, why did they not promptly move to vacate the judgment when it was entered instead of waiting several months to do so? Plaintiffs claim that it was due to their carelessness and excusable neglect. The Court is not satisfied with this ingenuous explanation. Indeed, having revisited the record, the Court is not persuaded by plaintiffs' "excusable neglect" argument more so in light of the reasons why the Court entered the judgment dismissing the case with prejudice in the first place.

It is well-settled that if defendants have answered the complaint or filed a motion for summary judgment, plaintiffs must obtain defendants' acquiescence before subscribing a request for dismissal pursuant to Fed.R.Civ.P. 41(a)(1). The rule clearly states that in such cases an action may be dismissed by filing a stipulation of dismissal signed by all parties who have appeared in the action. Id. As previously explained, the Moreda defendants had made their appearance in the case and thereafter, plaintiffs' erroneously sought to voluntarily dismiss the complaint against them without their consent. Quite logically, the Moreda defendants filed an opposition to plaintiffs' request to dismiss without prejudice the complaint as to them.

> The purpose of Rule 41(a)(2) giving the district court discretion with regard to a dismissal "is primarily to prevent voluntary dismissals which unfairly affect the other side, and to permit the imposition of curative conditions." ... Accordingly, courts generally have followed the traditional principle that dismissal should be allowed unless the defendant will suffer some plain legal prejudice other than the mere prospect of a second lawsuit....

9 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2364 (2d ed. 2007). When ruling on a request pursuant to Rule 41(a)(2), the Court must consider: "the defendant's effort and expense of preparation for trial, excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, insufficient explanation for the need to take a dismissal, and the fact that a motion for summary judgment has been filed by

Civ. No. 05-1627 (PG)                                                    Page 6

the defendant." Doe v. Urohealth Systems, Inc., 216 F.3d 157, 160 (1st Cir.2000)(citation omitted); Guptill v. Martin, 228 F.R.D. 62, 65 (D.Me. 2005). Here, not only had plaintiffs failed to obtain defendants' acquiescence to file the voluntary dismissal request, but also, they forced defendants to defend themselves from a frivolous RICO claim.

Plaintiffs claim that after the filing of the first Complaint, their counsel realized that plaintiffs could prove most but not all of the elements of their RICO claim. The Court assumes that this is why they finally moved to voluntarily dismiss the case. Attorney Francisco M. Lopez-Romo, plaintiffs' current counsel, insists that plaintiffs' initial counsel, Attorney Lorenzo J. Palomares-Starbuck, really believed that plaintiffs' claim was meritorious. Yet, they concede that after reviewing the applicable case law, their current counsel became aware that a dismissal of their complaint would be forthcoming in light of their failure to comply with the pleading requirements of RICO claims.

Notwithstanding having knowledge of the frivolity of their claim, and even in the face of a request for Rule 11 sanctions, plaintiffs carried on steadfastly claiming they had stated a claim upon which relief could be granted. The record reveals that quite a bit of motion filing took place before the plaintiffs stepped up to the plate and admitted that they had to request the dismissal of the case. (See Docket Entries 11 to 69.) Indeed, contrary to plaintiffs' allegation, the record reflects that at all times plaintiffs had every intention of moving the case forward and suddenly had a change of heart.

For six months, defendants had to defend themselves from plaintiff's frivolous motions and accusations. The record speaks for itself.  This is why the Court determined that the circumstances of the case and the interests of justice required that the case be dismissed with prejudice.

Plaintiffs now ask the Court to pardon their tardiness and oversight and relieve them from the judgment for their alleged "excusable neglect". Having considered all the relevant circumstances surrounding the plaintiffs' omission, including the danger of prejudice to the Moreda defendants, the

Civ. No. 05-1627 (PG)                                                    Page 7

length of the delay, the reason for the delay,--which was within plaintiffs' control--, as well as their lack of good faith throughout the litigation[3], the Court finds no reason to set aside the judgment. What plaintiffs describe as a "mere inadvertence" does not constitute excusable neglect so as to warrant setting the judgment aside.

## CONCLUSION

For the reasons set forth above, plaintiffs' Motion to Set Aside **(Docket No. 88)** is hereby DENIED.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, March 21, 2007.

                                           S/JUAN M. PEREZ-GIMENEZ
                                           U. S. DISTRICT JUDGE

---

[3] Several days after plaintiffs filed their motion, the Moreda defendants filed a motion for extension of time to oppose plaintiffs' request in order to depose plaintiffs' counsel Palomares given that one of plaintiffs' reasons to seek vacatur of the judgment was that their attorney incurred in dubious conduct contravening plaintiffs' clear instructions. The Moreda defendants informed that in view of plaintiffs' statements regarding their counsel's conduct, they had notified the deposition of Attorney Palomares. The deposition was set for April 27, 2006, date which was selected in accordance with Mr. Palomares' calendar. The Moreda defendants informed that the purpose of the deposition was to seek the truth at to the facts as asserted by plaintiffs in their motion.(See Docket Nos. 89 & 90.) Accordingly, the Moreda defendants requested until May 17, 2006 to file their opposition and the Court granted the request. (Docket No. 92.) The day before the deposition was to be taken, Attorney Palomares filed a Motion for Protective Order which was ultimately denied by the Court. (Docket Nos. 93 & 96.) Because the matter was pending before the Court, Attorney Palomares did not appear for the taking of his deposition. Accordingly, the Moreda defendants again informed the Court of their service to Attorney Palomares of a Notice of Deposition. This time it was scheduled for August 10, 2006 at the Moreda defendants' attorney's office.  The date, time and place was chosen by both Attorney Palomares and the Moreda defendants. (Docket No. 97.) The deposition was later re-scheduled for August 25, 2006, as per the parties agreement. (Docket No. 99.) Notwithstanding all of the Moreda defendants' efforts to depose Attorney Palomares in order to clarify the truth of the arguments alleged in the Motion to Vacate Judgment, Attorney Palomares failed for a second time to appear for the taking of his deposition. For six months the Moreda defendants tried unsuccessfully to depose Attorney Palomares at all times accommodating to Mr. Palomares schedules and demands. (See Docket No. 97 at ¶ 1.)The Moreda defendants had no choice but to file their response without the benefit of the deposition.